■ In the Matter of the Claim of ALFRED MASON, Respondent, v. LIT REALTY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. On March 6, 1959 claimant, a doorman and porter at an apartment house owned by the employer, was injured while lifting a heavy box of books from a closet shelf at the request of a tenant. The occurrence of the accident and the extent of the injury are not here disputed. Appellants assert, however, that claimant was not acting in the course of his employment when the accident occurred and thus liability against them was improperly assessed. The record reveals that claimant's prescribed duties consisted of opening and closing the outside door, cleaning and polishing brass, sweeping and mopping the hall floor, and late each night collecting and removing the garbage from the hallway on each of the 15 floors of the apartment house. Claimant testified he had been instructed to assist the tenants and to show them courtesy. He testified that he often got requests to do odd jobs for tenants and that he would ask permission of his employer which was invariably granted. He acknowledged not having asked for or received explicit permission for the book moving job, but went ahead with it on the basis of prior permissions and the knowledge that it was part of his job to be courteous to tenants. He said he had never been told of a rule against helping tenants. The building superintendent substantiated much of claimant's story. He never objected if the employees could

pick up a good tip helping tenants. He said the owner never had ruled one way or the other concerning this sort of activity and it was his opinion that the owner knew such help was being rendered. The owner denied all this. He said there was a rule against such help; that the superintendent had been instructed that the employees were not to work for the tenants; and that claimant had never at any time sought permission. The board could, of course, accept the version as told by claimant and the superintendent. Even if there was no express permission, and a rule against such tenant help, habitual disregard of the rule with the employer's knowledge and acquiescence would abrogate the rule (*Matter of Barrett* v. *Al Charyn, Inc.*, 13 A D 2d 863). With no rule, permission, or acquiescence, the subject act would presumably be within the course of employment since it promoted good will generally with the employer's clientele (1 Larson, Workmen's Compensation Law §§ 27.21, 27.22 [a], 27.22 [b]). *Matter of Dahoda* v. *Royal Simmons* (11 A D 2d 842), cited by appellant is not in point. There the job in which claimant was injured was performed outside the claimant's regular work week. Appellants also contend that the decision is defective because it lacks any specific finding by the board. While we do not approve of this procedure, we find that the issues here involved are so limited and so clearly defined as to permit no doubt as to the basis of the board's determination. Remittal would thus serve no useful purpose (*Matter of Cliff* v. *Dover Motors*, 11 A D 2d 841, 842). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J. Gibson, Herlihy, Reynolds and Taylor, JJ.